CASE 19—SEPARATE ESTATE—MAY 28, 1884.

# Cardwell v. Perry, &c.

### APPEAL FROM LOGAN CIRCUIT COURT.

1. A *feme sole* in anticipation of marriage may, by a written agreement with her intended husband, provide that all her property, real and personal, shall be held by her after her marriage as her separate estate.
2. A separate estate is that from which the control of the husband is excluded, and from which he is to derive no benefit by reason of the marital relation.

Vol. lxxxii.–9.

3. The execution and putting to record of the agreement is in effect a conveyance to the wife of all interest that would otherwise be on the husband.

4. The conveyance affects the character of the married woman's estate, rendering her separate estate liable for her debts contracted for her benefit, where the credit is given upon the faith of her property.

5. When the *feme* makes a contract the presumption is that she intends to bind her separate estate.

WILBUR F. BROWDER AND GEO. B. EDWARDS FOR APPELLANT.

1. The ante-nuptial contract between appellee, then Mrs. Inman, and Perry, was duly executed and acknowledged.

2. The agreement operates to create a separate estate in Mrs. Perry in the property previously owned and held by her as her general estate.

3. The property being separate estate, is liable for the debt of appellee, Mrs. Perry, contracted for her benefit. Revised Stats., chap. 24, sec. 16, subsec. 2; Bourier's Law Dic., vol. 11, p. 511; 14 B. Monroe, 247, Petty v. Malier; 6 Bush, 157, Shackelford v. Collier; 8 Bush, 395, Hathaway v. Yeaman; Clancy on Rights, 262; 8 Bush, 175, Uhrig v. Harstman; 7 Bush, 461, Duvall v. Graves; 6 Bush, 352, Hackett v. Metcalfe; 13 B. Monroe, 383, Bell v. Keller; 15 B. Monroe, 327, Sweeney v. Smith; 16 B. Monroe, 376, Lillard v. Turner; 7 Bush, 511, Gatewood v. Bryan; 2 Wharton, 11 (Penn), Thomas v. Tolwell, S. C.; 30 American Decisions, 230.

A. G. RHEA FOR APPELLEES.

1. Mrs. Perry does not own a separate estate in the property sought to be sold. A separate estate can only be created by deed, devise, gift, or sale in writing, which must be made to a *feme sole* by a second party. The agreement between appellee and Perry was simply an agreement entered into on contemplation of marriage.

2. Although the ante-nuptial agreement is good between Mrs. Perry and her husband, and was intended alone to give her the use and control of her estate.

3. The fact that the appellee and her husband have for sometime been living apart from each other, does not relieve her from the disabilities of coverture.

4. A married woman can not bind herself or her estate unless in accordance with the Gen. Stats. Uhrig v. Harstman, 8 Bush, Gen. Stats., chap. 52, art. 2, sec. 2; Welshman v. Wright, 6 B. Mon.; Taylor v. Simpson, 5 J. J. Mar.; Harmon v. Madden, 10 Bush; Robinson v. Robinson, 11 *Ib.*; Thatcher v. Cannon, 6 *Ib.*

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

Mrs. Inman, an unmarried woman, being the owner of certain real estate and contemplating marriage with

Alfred Perry, entered into a written agreement with Perry by which it was provided that all the property, both real and personal, belonging to Mrs. Inman should be held by her after marriage as her separate estate. The intention to create a separate estate being expressed in this language: "It being intended that the said Mary A. Inman shall hold the said property as her separate estate in the same manner as if she were *sole* and unmarried."

The agreement was executed and witnessed in the presence of two persons, and after marriage acknowledged and placed to record as required in case of conveyances of real estate. Subsequent to this Mrs. Perry (previously Mrs. Inman), jointly with McCoy, purchased a drug store, and for one of the deferred payments executed her note, with McCoy, for $600. This action was brought to subject the real estate mentioned in the agreement to the payment of this note, and from a judgment dismissing the petition this appeal is taken.

The sole question is, whether this agreement operated to change the character of the general estate in Mrs. Inman into separate estate in Mrs. Perry. A separate estate is that from which the dominion and control of the husband is excluded, and from which he is to derive no benefit by reason of the marital relation. It may be acquired or created by conveyance, devise, or gift from another, or by relinquishment by ante-nuptial contract of the husband's marital rights, or by deed of husband and wife after marriage, where the conveyance is to another for the express purpose of reconveyance to the wife with exclusion of the husband's rights in or to the property. In such case the property revests in

the wife, shorn of the character of general estate, and is as much separate estate as if the title had been originally derived by the wife from a third party with like limitation as to use and alienation. If the character of the estate may thus be changed by indirection, there appears no reason why it may not be done directly through conveyance by the husband in which he, in a solemn and notorious manner, makes relinquishment of his rights, which is all that is designed and effected by the conveyance and re-conveyance to and by the third party.

In this case the execution and the putting to record of the agreement is, in effect, a conveyance to the wife of all interest that would otherwise have been in the husband. From this conclusion it does not follow, nor is it necessary to decide, that the contract confers upon the wife the right to trade as a *feme sole*. It affects the character of the estate, however, rendering the property liable for her debts contracted for her benefit, where the credit is extended on the faith of the property, and when such contracts are made the presumption is that the *feme* intended to bind her separate estate. This presumption is not destroyed by the fact that the payee required the property purchased to be kept insured. That was nothing more than requiring security for the payment of the debt which would not destroy the payee's right to look to the separate estate of the *feme covert* for payment, as there is nothing else in the record to indicate that the credit was not extended on the faith of the separate estate.

Judgment reversed, and cause remanded with direction to subject the real estate mentioned in the petition to the payment of the debt.